NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARBOR HOME, LLC; FARSHAD
TAHERI,

Plaintiffs-Appellants,

v.

ALEJANDRO N. MAYORKAS; et al.,

Defendants-Appellees.

No.    22-16081

D.C. No. 5:21-cv-03737-BLF

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted July 13, 2023
San Francisco, California

Before:  BEA, BENNETT, and H.A. THOMAS, Circuit Judges.

Arbor Home, LLC and Farshad Taheri appeal from the district court's order

granting summary judgment in favor of the government in this O-1, "extraordinary

ability," visa proceeding. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1.      The district court correctly determined that the United States

Citizenship and Immigration Services (USCIS) did not err in using a two-step test

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

to assess whether Arbor Home's O-1 visa application for Taheri met the statutory and regulatory requirements for Taheri to merit an O-1 classification. Contrary to Arbor Home's argument, this test is not a new, unlawful rule, but is well-established in the applicable visa regulations, legislative rules, and case law. *See, e.g.*, *Matter of Chawathe*, 25 I. & N. Dec. 369, 376 (AAO 2010); 8 C.F.R. § 214.2(o)(3)(iii)(B), (o)(6)(i); *Temporary Alien Workers Seeking H-1B, O, and P Classifications Under the Immigration and Nationality Act*, 59 Fed. Reg. 41,818, 41,818–20 (Aug. 15, 1994).

2.     The district court correctly determined that USCIS' denial of the visa application was not arbitrary and capricious, an abuse of discretion, or otherwise unlawful. *See* 5 U.S.C. § 706(2)(A). Once Arbor Home satisfied the initial evidentiary step, it had to persuade the agency that Taheri has "extraordinary ability . . . which has been demonstrated by sustained national or international acclaim" and that his "achievements have been recognized in the field." *See* 8 U.S.C. § 1101(a)(15)(O)(i). Pursuant to the totality of the evidence standard, the agency evaluated all of the documentation submitted and its resulting decision was not arbitrary and capricious, an abuse of discretion, or otherwise unlawful.

**AFFIRMED.**